IN THE TAX COURT OF THE
STATE OF OREGON

ST. CATHERINE'S RESIDENCE, INC.,
an Oregon nonprofit corporation
*and*
EVERGREEN COURT FOR RETIREMENT LIVING, INC.,
an Oregon nonprofit corporation
*v.*
DEPARTMENT OF REVENUE
(TC 4228)

Marc R. Sellers and Paul A. Stamnes, Schwabe, William-son & Wyatt, Portland, represented Plaintiffs.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented Defendant.

Decision for Defendant rendered November 3, 1998.

**CARL N. BYERS, Judge.**

Plaintiffs appeal the 1992 and 1993 assessed value of property used as a home for the elderly. By cross motions for summary judgment, the parties ask the court to construe ORS 308.490,[1] which directs how nonprofit homes for the elderly are to be assessed.

ORS 308.490(1) states that the legislative assembly finds "ordinary methods" for determining real market value are not appropriate for property of nonprofit corporations providing housing for elderly persons. ORS 308.490(2)(b) indicates that in determining the real market value of the property of a nonprofit home for elderly persons, the county assessor shall consider:

> "The gross income that reasonably could be expected from the property if *leased or rented to the public generally*, less annual operating expenses, reserves for replacements and insurance, depreciation and taxes." (Emphasis added.)

Plaintiffs contend that the emphasized phrase means that the assessor should consider comparable homes for elderly people offering similar levels of care. More specifically, Plaintiffs argue that when applying the income approach, the expense data should come from other similar nonprofit and for-profit homes for the elderly that offer similar levels of care. Defendant contends that the phrase is not so limited, and the assessor can look to the income of any comparable properties.

■ In construing the statute, the court must first consider its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). In another case regarding ORS 308.490, the Supreme Court noted that: "It is clear that the legislature intended that such homes not be taxed as other property in general is taxed * * *." *Gangle v. Dept. of Rev.*, 320 Or 494, 498, 887 P2d 784 (1995). However, giving the plain language of the statute its common and ordinary meaning, this court concludes that the difference in treatment may not be as significant as expected.

---

[1] All references to the Oregon Revised Statutes are to 1991.

■ The phrase "leased or rented to the public generally" is not ambiguous or vague. It means leased or rented at market rates in the open market. In context, it is used to distinguish the income that can be realized from leasing or renting property to elderly people from the income that can be realized in the open market from the public generally. Plaintiffs have suggested no other reasonable category. Certainly comparable homes for the elderly are not the "public generally."

■ Plaintiffs' argument posits a "similar level of care" standard. However, what is being valued is not the business that provides the housing, but the real property. A building that has a number of residential units in it has value because of its potential for rental income. The clear direction of ORS 308.490 is that the assessor is to consider the amount of rent such a building could obtain in the open market, without regard to the fact that it is devoted to housing the elderly. To the extent that property owners may provide levels of service to tenants, an appraiser must make adjustments to remove the value of those services from the estimate of value of the real estate.

■ As Plaintiffs point out, that construction of the statute may not provide any significant assessment benefit to properties used to house the elderly. However, it does not appear the legislature intended to provide very significant benefits. By providing for use of the comparable sales approach, the legislature did not signal any intent to value such properties at less than their real market value. What the legislature has indicated is that the cost approach is not appropriate. That is probably because many special costs associated with housing for the elderly, which could include everything from extra grab bars and wheelchair-accessible showers to special security and alarm systems, do not add value to the facility equal to their cost. By specifying use of the sales comparison approach and the income approach based on market data, the legislature intended that the property be valued at its real market value, not something less and not something more. Now, therefore,

IT IS ORDERED that Plaintiffs' Motion for Partial Summary Judgment is denied, and

IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment is granted.