IN THE TAX COURT OF THE
STATE OF OREGON

LINUS OAKES, INC.,
an Oregon non-profit corporation,
fka Parkway Medical Buildings, Inc.
*v.*

DEPARTMENT OF REVENUE
*and*

DOUGLAS COUNTY ASSESSOR,
*Intervenor*

(TC 4234)

Marc R. Sellers and Paul A. Stamnes, Schwabe, William-
son & Wyatt, Portland, represented Plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented Defendant.

Paul E. Meyer, Assistant County Counsel, Douglas County, Roseburg, represented Intervenor.

Decision for Intervenor rendered November 4, 1998.

**CARL N. BYERS, Judge.**

Plaintiff appeals from the denial of special valuation of its residential facilities for the elderly for the 1995-96 tax year. The Douglas County Assessor determined that taxpayer did not qualify as a corporation described in ORS 307.375[1] and denied special valuation under ORS 308.490. The Department of Revenue (department) upheld the assessor, and taxpayer appealed to this court. The matter is now before the court on Intervenor's Motion for Partial Summary Judgment and Plaintiff's Cross Motion for Summary Judgment.

## FACTS

Plaintiff was incorporated in 1982 as Parkway Medical Buildings, Inc. As of July 1, 1995, the Articles of Incorporation stated:

> "The corporation is organized and shall be operated exclusively for charitable, educational, religious or scientific purposes by conducting or supporting activities for the benefit of or to carry out the purposes of Mercy HealthCare, Inc., as long as Mercy HealthCare, Inc. is a qualified organization."

The Articles recite that a qualified organization is one that qualifies under IRC section 501(c)(3) and section 509(a)(1) or (2). Apparently, Plaintiff intended to qualify under those sections, both of which pertain to federal income taxes. The Articles also indicated that the sole member of Plaintiff is Mercy HealthCare, Inc., an Oregon nonprofit corporation.

As of the assessment date, July 1, 1995, Plaintiff owned real property, most of which was devoted to residential housing for the elderly. However, Plaintiff held legal title

---

[1] All references to the Oregon Revised Statutes are to 1993.

to one property which was used as a medical office building. This building was managed by Mercy HealthCare, Inc. Plaintiff sold the building after the assessment date in question.

After the assessor notified Plaintiff that it did not qualify for special valuation under ORS 308.490 because it was not a corporation described in ORS 307.375, Plaintiff took action to correct the situation. On February 15, 1996, it filed Articles of Correction. The new Articles state its purpose in the language of ORS 307.375.

## ISSUE

As of July 1, 1995, did Plaintiff qualify as a corporation described in ORS 307.375?

## ANALYSIS

■■ ORS 308.490 provides for special valuation of homes for the elderly. However, this special valuation is only available for homes "operated by corporations described in ORS 307.375." ORS 307.375 contains a number of requirements that a corporation must meet in order to qualify. However, the primary point of dispute is found in the following language:

> "The exemption provided in ORS 307.370 may be permitted *only* as to a corporation organized and operated *only* for the purpose of furnishing permanent residential, recreational and social facilities *primarily* for elderly persons * * *." (Emphasis added.)

■■ The above language is not ambiguous nor does it require much effort to discern its meaning. The clear intent of the legislature was to limit the exemption in ORS 307.370, and, by reference to ORS 308.490, special valuation to corporations that have a single purpose. *Gangle v. Dept. of Rev.*, 320 Or 494, 498 n 6, 887 P2d 784 (1995). That purpose is "furnishing permanent residential, recreational and social facilities." ORS 307.375. By using the term "primarily" in connection with "elderly persons," the statute indicates that the facilities need not be exclusively for the elderly. However, as a practical matter they must be nearly so because subsection (2) of the statute requires 95 percent of the corporation's

income to be derived from payments by or on behalf of elderly persons.[2]

Plaintiff did not qualify under this statute as of the assessment date in question. Plaintiff's corporate purposes were not limited to furnishing permanent residential, recreational and social facilities primarily for elderly persons. Its purpose was to conduct or support "activities for the benefit of, or to carry out the purposes of Mercy HealthCare, Inc." As set forth in its Revised Articles of Corporation, that corporation's purposes are to perform the health-care functions and purposes of the Health System of Mercy, a Nebraska non-profit corporation. Neither Mercy HealthCare, Inc., nor Plaintiff qualified as a corporation described in ORS 307.375.

Plaintiff contends that the 1996 correction of its Articles of Incorporation was just that and not an amendment. The Articles of Correction indicate that:

> "Article II (Purpose) of the Articles of Incorporation is incorrect because the corporation intended to be organized and operated as a non-profit home for the elderly, as required by ORS 308.490 and ORS 307.375."

The court finds this difficult to accept. If Plaintiff's intent, at the time of incorporation in 1982, was to qualify as a corporation described in ORS 307.375, surely that intent must have been based on knowledge of the requirements of that statute. The wording of the statute was the same then as it is now and clearly required the corporation to be limited in purpose. (*See* Oregon Revised Statutes 1981 Replacement Part.)

Instead, Plaintiff's stated purpose is to support another corporation whose purpose is broad and encompasses more than furnishing facilities for the elderly. It may be that Plaintiff was incorporated to fulfill the role of providing facilities for the elderly as part of the larger mission of Mercy HealthCare, Inc. However, if that was the case, the

---

[2] ORS 307.375(2) states:

"Receives not less than 95 percent of its operating gross income, excluding any investment income, solely from payments for living, medical, recreational and social services and facilities, paid by or on behalf of elderly persons using the facilities of such corporation."

Articles certainly did not reflect that intent. The stated purpose does not even mention providing facilities for the elderly, let alone limit Plaintiff to that purpose.

Plaintiff's attempt to correct the deficiency in its corporate purpose is laudable, but not acceptable. Whether labeled as an amendment or a correction, the court will not give it retrospective effect. As of the assessment date in issue, Plaintiff was not limited in purpose as required by ORS 307.375. Now therefore,

IT IS ORDERED that Intervenor's Motion for Partial Summary Judgment is granted, and

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied.